EMILIO M. GARZA, Circuit Judge,
concurring specially:
I concur in the per curiam, but write separately to point out that lurking behind Lam-agno is a contentious question of jurisdiction which the Supreme Court specifically did not decide, but which, in my opinion, is integral to the issues before us. See Gutierrez de Martinez v. Lamagno, — U.S. -, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995).[1] Because Justice O’Connor did not concur in either Part IV of the plurality opinion in Lamagno or in the dissent,[2] a panel, and perhaps later the en banc court, may have to predict whether there is pendent jurisdiction,[3] as Justice Ginsburg suggests, see id. at -, 115 S.Ct. at 2237, or whether there is no subject matter jurisdiction as Justice Souter would hold, see id. at---, 115 S.Ct. at 2239-40 (Souter, J., dissenting).
This issue, however, presupposes a holding that Agent Langlois was not within the scope of his employment with the EPA when the accident here took place and further presupposes no diversity jurisdiction — issues not presently before this en banc Court. To that extent, therefore, the issue of jurisdiction is premature. Neither this Court’s per curiam, as I read it — nor I, by this concurrence— predetermine the issue of jurisdiction.

. Eight justices in Lamagno also thought it an integral consideration in deciding congressional intent. See id. at-, 115 S.Ct. at 2236-37 (Ginsburg, J., plurality opinion; id.-, 115 S.Ct. at 2239-40 (Souter, J., dissenting); but see id. at -, 115 S.Ct. at 2236 ("The parties’ diverse citizenship gave petitioners an entirely secure basis for filing in federal court.”).

. See id. at-, 115 S.Ct. at 2237-38 (O'Connor, J., concurring in part and concurring in the judgment) ("That discussion [Part IV] all but conclusively resolves a difficult question of federal jurisdiction that, as the Court notes, is not presented in this case....").

. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).